■ In the Matter of MAX SCHEMAN, Appellant, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Respondent.—Judgment, Supreme Court, New York County, entered July 9, 1976, denying petitioner's motion to revoke respondent rent commissioner's determination with respect to maximum base rent on petitioner's property and for disclosure, is unanimously modified, on the law, so as to reverse the denial of the petition, direct respondent to supply a certified transcript of the record of the proceedings under consideration and supply defects or omissions therein, together with any answering affidavits, and insofar as the appeal is directed to the denial of disclosure, the appeal is dismissed, all, without costs and without disbursements. In the same order to show cause, petitioner asked both for ultimate relief in this article 78 proceeding and for an examination of the rent commissioner. The corporation counsel, in his answering affidavit, addressed himself exclusively to the question of the examination, stating, however, that examination was unnecessary because the petition is without merit under the decision in *Matter of Tenants' Union of West Side v Beame* (40 NY2d 133), and that in any event, another action was pending by another landlord asking the same relief. The corporation counsel nevertheless said that the merits of the underlying petition were not now before the court and the corporation counsel did not submit a certified transcript of the record of the proceedings before the rent commissioner as required by CPLR 7804 (subd [e]). Petitioner claims that the rent commissioner failed to consider certain statutorily mandated factors in fixing petitioner's maximum base rent. This is an issue that would appear to be peculiar to petitioner's property and thus not covered by similar actions with respect to other properties. Further, although the decision in *Matter of Tenants' Union of West Side v Beame (supra)* sustains the validity of fixing maximum base rents on the basis of a statistical average, it does not address itself to a situation such as is here claimed, where the maximum base rent as to a particular property was fixed on an individual basis. Accordingly, petitioner is entitled to have his case determined on the merits and respondent is under a duty to file a certified transcript of the record of the proceedings and the court directs respondent to supply defects in the record, including such transcript and/or answering affidavits. If there are apparent defects or omissions from the transcript, respondent may explain the reason for such defects or omissions in his answering affidavit. The denial of a motion for disclosure in an article 78 proceeding is not appealable. Concur—Lupiano, Birns, Silverman and Capozzoli, JJ.